UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

**FILED**

MAY 06 2016 GW

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Kevin Adair Hineline
   Plaintiff

vs.

Brad Weston,

Susan Basko
Lawyer for Independent Media
   Defendants

1:15-cv-08405

Judge Ellis

Magistrate Judge Gilbert

## MOTION OF REQUEST OF JUDGEMENT BY DEFAULT AGAINST DEFENDANTS,

and

## UPDATES TO PLAINTIFF'S STATUS REPORTS

Plaintiff hereby moves in request of a Judgement by Default against the two defendants, Brad Weston and Susan Basko in the full amount of $77,500 in Presumed Damages. The Plaintiff further requests for the Honorable US Judge to rule on any additional Punitive Damages that the Court indicates would apply. Further, the Plaintiff requests any injunctive, declaratory or other relief that the Court indicates would be appropriate in this case.

The previously submitted documentation indicates that the delivery of the proper Summons and Complaint were delivered to both of the Defendants at the address of Susan Basko (and to each of the Defendants' emails) on March 15, 2016. This was the second in the sequence of services provided to the two Defendants, as requested by the the Honorable Judge Ellis. Additionally, third sequential service is concurrently being submitted to Brad Weston at his work/residential Iowa address, which is the same address this season (starting May 1, 2016) as where the first service of Brad Weston was successfully served in September of 2015. The results of this third service of Brad Weston will be reported to the Court by June 3, which is 7 days in advance of the next scheduled court appearance before Judge Ellis on June 10, 2016.

This Request for Judgement by Default is filed May, a full 50 days after USPS Certified Mail Service delivered the Service to the official address of Weston and Basko in California. It has thus been more than the required 21 days allowed by US Law. Thus the Plaintiff requests the Court rule in favor of the Plaintiff for the full appropriate financial damages under Judgement by Default.

Updates of the Case:

As of this filing date, the Defendants have continued their pattern of not respecting nor responding to the current Defamation case what-so-ever.

Relevant Support from the IL Appellate Court Proceeding:
The Appellate Court of Illinois, First Judicial District has ruled on the case in which the Defendants' defamatory brief was filed. The results of the Appellate Court's ruling have a supportive component which is relevant to the current US District Court case. The Appellate Court affirmed the Circuit Court initial ruling. However, within the attached page of that decision, the First District IL Appellate Court included a determination (p.3, paragraph 7), which supports the Plaintiff's contention of Defamation in this US Court case. In order for the

elements of the Defendants' brief to be ruled Defamatory by this US Court, the statements in question must be irrelevant to the issues in contention in the IL Appellate case and not supported by fact. The Appellate determination supports the Plaintiff's contention that, in addition to the relevant argument components contained in the Defendants' brief, the Defendants also included the non-germane / non-supported statements which are both in violation of the IL Supreme Court Rules of what is allowed in an Appellee Brief, and that are Defamatory under IL Law. The IL Appellate Court confirmed that the Defendants' content in question is non-germane / non-supported and specifically a violation of the IL Supreme Court Rules. This ruling provides a determination that clears the path for the current US court to find the Defendants' non-germane / non-supported statements of issue to be ruled *defamation per se* under IL law. The Plaintiff requests that this ruling of *defamation per se* be made by the US Court (by Default) at the scheduled proceeding on June 10, 2016.

Here are the direct quotations from page 3, paragraph 7, wherein the Appellate court determined that the Defendants' non-germane / non-supported statements were in violation of IL Supreme Court Rules:

> "We independently determine that defendant's brief is in violation of Supreme Court Rule 341(h)(6), (i), for failure to provide any citation to the record to support his statement of facts. ...We also determine that defendant's brief is also in violation of Supreme Court Rule 341(h)(7) and subsection (i), for failure to support most of his argument with proper citations to legal authorities. ...However, in our discretion, we do not strike the brief but, rather, we ignore all of the unsupported material and consider only properly supported argument."

As a side note, the fact that the Appellate case is finished means that the current US case can have no bearing on the results of the Appellate case, and the two cases deal with two separate issues. Also, the Appellate ruling did not address the incongruity between the First District *Fifield* ruling and the Fourth District *Zabaneh* ruling, thus the Plaintiff is now considering appealing the Appellate ruling to the IL Supreme Court. However, the Plaintiff's failing to sway the Appellate Court regarding a Non-Compete Clause in a contract with Weston, does not diminish the fact that where the Plaintiff has always spoken professionally regarding the Defendants, in contrast, the Appellee brief of the Defendants is riddled with Libelous statements which are claimed by the Defendants to be "Fact."

Severity of the Defamation
It is important to note that the Defendant's brief in the Appeal case was produced by Susan Basko in her capacity as a licensed attorney in the State of IL. The Plaintiff is not an attorney, yet the Plaintiff pointed out Basko's Supreme Court Rules violation to the Appellate court. An attorney specifically and repeatedly violating IL Supreme Court Rules in the course of performing her duties, with such Defamatory statements, specifically leaves her, as well as her client, eligible to be ruled to have committed *defamation per se* under IL law. In comparison / contrast to the precedent case of Gipson v. Philip Morris Inc., the fact that the publishing of the Weston Appellee brief took place in an official document of the Court, makes the actions of Weston (affectively under oath) and Basko (as a licensed attorney) several magnitudes more egregious and malicious than the actions of the Philip Morris employees. The Philip Morris employees had every reason to expect that the published communications would remain in protected confidence within the company. The IL Fifth District Appellate Court decided that those communications were not in fact eligible for the privacy that the employees expected. In contrast, Weston and Basko knew from the outset that they were creating a potentially Defaming document of permanent public record. Similarly, the action that Gipson was accused of by his defamers, was minor pilfering from his company of $1.50 items. The Libelous statements of Basko and Weston were much more substantial, and damaging by comparison. The punishments against Weston and, especially, Basko should thus be considered

by this US Court to be of a dramatically higher magnitude of culpability that those of the employees in the precedent *Gibson* case.

Verification of the Address of Susan Basko, Lawyer for Independent Media
The Plaintiff, on the date of May 4, 2016, went personally to the office of Clerk of the First District Appellate Court of the State of Illinois. With the Appellate decision having been filed on April 27, 2016, it is the professional duty of Attorney Basko to have a current address for herself and her client, Brad Weston to be on file with the Appellate Court Clerk. On May 4, the Plaintiff personally confirmed with the Appellate Clerks' representative that Basko's official address of record is still PO Box 1694, Hollywood CA 90078. This is where all Court filings, Service and correspondence must be sent. Thus any materials that reach that PO Box and are listed as "Available for Pickup," may be considered served successfully upon Basko and Weston.

Lack of Malpractice Insurance of Susan Basko.
In conclusion of this status update, the Plaintiff would like to inform the court, that although Susan Basko is currently licensed to practice law in both Illinois and California, her Law business, "Susan Basko, Lawyer for Independent Media," holds no malpractice insurance in either state. Since this lawsuit is brought against Susan Basko, Lawyer for Independent Media, in her capacity as a licensed attorney in the United States, the Plaintiff requests of the court that, in the event of a judgement against Attorney Basko, the Court is open to consider possible options toward the actual collection of funds on the potential judgements that might be possibilities for the Plaintiff.

Thus, in summary, since the Plaintiff has followed every request of process and every suggestion made by Her Honor, Judge Ellis regarding filings and repeated Service of the Defendants, the Plaintiff begs the Court to find by Default both Defendants culpable of *defamation per se* under IL Law: In the full amount of $77,500 in Presumed Damages. The Plaintiff further requests for the Honorable US Judge to rule on any additional Punitive Damages that the Court indicates would apply. Further, the Plaintiff requests any injunctive, declaratory or other relief that the Court indicates would be appropriate in this case.

Plaintiff's signature: _____

Plaintiff's name: Kevin Adair Hineline

Plaintiff's mailing address: 3301 S. Emerald, Chicago, IL 60616

Plaintiff's phone number: 312-925-1626

Plaintiff prefers to be contacted by email at the following address: Kevin@elfuegodelsol.com

This is the first case that the Plaintiff has ever filed in US Court.

circuit court correctly ruled that plaintiff does not have a protectable interest based on the alleged non-compete agreement.

¶ 7   We note that plaintiff's certificate of service of his motion to strike defendant's brief is improper as plaintiff is a non-attorney and he filed a certificate of service, instead of an affidavit, in contravention of Illinois Supreme Court Rule 12(b)(3). Non-attorney parties who file motions *pro se* must file an affidavit proof of service. See Ill. S. Ct. R. 12(b)(3) (eff. Jan. 1, 2016). Nevertheless, we independently determine that defendant's brief is in violation of Supreme Court Rule 341(h)(6), (i), for failure to provide any citation to the record to support his statement of facts. Ill. S. Ct. R. 341(h)(6), (i) (eff. Feb. 6, 2013). We also determine that defendant's brief is also in violation of Supreme Court Rule 341(h)(7) and subsection (i), for failure to support most of his argument with proper citations to legal authorities. Ill. S. Ct. R. 341(h)(7), (i) (eff. Feb. 6, 2013). However, in our discretion, we do not strike the brief but, rather, we ignore all the unsupported material and consider only properly supported argument.

¶ 8   Pursuant to defendant's motion to strike plaintiff's reply brief, we also disregard additional facts supplied in and exhibits attached to plaintiff's reply brief. The record on appeal may be supplemented pursuant to Illinois Supreme Court Rule 329 (eff. Jan.1, 2006) only with evidence that was before the trial court. See *Jones v. Ford Motor Co.*, 347 Ill. App. 3d 176, 180 (2004). Generally attachments to briefs not included in the record are not properly before the reviewing court and cannot be used to supplement the record. *Zimmer v. Melendez*, 222 Ill. App. 3d 390, 394-95 (1991). Again, however, in our discretion we do not strike plaintiff's reply brief but, rather, we ignore all the material that is not part of the record.

¶ 9   Also, although plaintiff states that the dismissal is based on the court's finding that the non-compete provision was not valid because plaintiff did not have a protectable interest, the